**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY, | ) ) | CASE NO. 1:18CV639 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | OPINION AND ORDER |
| RICHARD J. SEMERSKY, JR., et al., | ) ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #14) of Plaintiff Cincinnati Insurance Company for Summary Judgment. For the following reasons, the Motion is granted in part.

### I. FACTUAL BACKGROUND

VIP Restoration, Inc. operated as a contractor performing various construction projects in Ohio. In connection with its construction business, VIP Restoration was required to obtain Bid Guaranty and Contract bonds as well as Fringe Benefits and/or Wage and Welfare bonds. Plaintiff Cincinnati Insurance Company provided the necessary bonds.

Prior to the issuance of the bonds, VIP Restoration, its owner, Defendant Richard J.

Semersky, Jr., and related Defendant entities, VIP Holding, Inc.; VIP Fire Station, Inc.; VIP Real Estate, LLC; VIP East 55th Street, Inc.; and VIP Masonry, LLC, executed an Agreement of Indemnity dated February 16, 2010 in favor of Plaintiff. (VIP Restoration was placed in receivership by Cuyahoga County Common Pleas Court on October 13, 2017; and therefore, is the only indemnitor not named in this lawsuit.). Defendants agreed to:

> Exonerate, indemnify and keep indemnified the Surety from and against any and all liability for losses and expenses of whatsoever kind or nature, including the fees and disbursements of counsel, and against any and all said losses and expense which the Surety may sustain or incur: (i) by reason of having executed or procured the execution of any Bond or Bonds; (ii) by reason of the failure of the Undersigned to perform or comply with the covenants and conditions of this Agreement; or (iii) in enforcing any of the covenants and conditions of this Agreement.

Further, the Indemnity Agreement provides:

> The Surety may pay or compromise any claim, demand, suit, judgment or expense arising out of such Bond or Bonds and any such payment or compromise shall be binding upon the Undersigned and included as a liability, loss or expense covered by this Indemnity Agreement, provided the same was made by the Surety in the reasonable belief that it was liable for the amount disbursed, or that such payment or compromise was reasonable under all of the circumstances. In the event of any such payment or compromise by the Surety, an itemized statement thereof sworn to by any representative of the Surety familiar with the facts, or the voucher or vouchers or other evidence of such payment or compromise shall be prima facia [sic] evidence of the facts and amount of the liability of the Undersigned under this Agreement.

Plaintiff received and paid various claims on the Bonds, with the reasonable belief that Plaintiff was liable and that such payments or compromises were appropriate under all of the circumstances:

**Painters District Counsel [*sic*] No. 6 and Glaziers Local #181 = $5,000.00**

**Building Laborers Local #310 = $10,000.00**

**Bricklayers and Masons' Local Union No. 5, Ohio = $89,614.25**

      **Bricklayers Local 8 = $16,654.44**

      **Lorain County Community College = $152,500.00**

      **Shook Construction = $35,664.56**

                      **TOTAL = $309,433.25**

Upon paying the Union Funds' claims, Plaintiff obtained assignments or partial assignments from the Funds of the right to collect the unpaid contributions up to the amount paid by Plaintiff and to prosecute claims in the Funds' stead.

The payment to bond obligee, Lorain County Community College, resulted from the settlement of a lawsuit brought against VIP Restoration and Plaintiff in Lorain County Common Pleas Court.

In addition to the payments made under the Bonds, Plaintiff claims to have incurred costs, expenses and attorney fees in the amount of $22,160.28 as of August 31, 2018. (Affidavit of Michael J. Sams, Associate Manager for Surety and Fidelity Claims, ECF DKT #14-3).

On May 24, 2017, Bricklayers and Masons Local Union No. 5 filed suit against VIP Restoration and Semersky for unpaid fringe benefit fund contributions. (Case No. 1:17CV1091 (Judge Polster)). The Local filed a Motion for Summary Judgment seeking the portion of their claim which was not paid by the Surety, Cincinnati Insurance Company. In its March 2, 2018 Order, the Court found that:

  - Semersky was the principal officer for VIP Restoration.

  - Semersky had the authority to pay VIP Restoration's creditors.

  - VIP Restoration failed to contribute to the ERISA Funds.

- Semersky had control over the disposition of ERISA plan assets.

- Semersky breached his fiduciary duties owed to the ERISA Funds.

- Semersky is jointly and severally liable with VIP for losses due to any breach.

Plaintiff brought the instant action against Defendants seeking indemnification as against all Defendants and damages for breach of fiduciary duty as against Defendant Semersky.

Plaintiff moves for judgment in its favor on all counts in its Complaint. Plaintiff argues that the Indemnity Agreement executed by all Defendants is clear and unambiguous and requires Defendants, jointly and severally, to indemnify Plaintiff for all losses, costs and expenses related to the issuance of the Bonds and the enforcement of the Agreement. Plaintiff asserts that it is entitled to indemnification in the amount of $331,593.53 as of August 31, 2018.

Plaintiff also argues that there is no genuine issue of material fact that Defendant Semersky is liable for breach of fiduciary duty. In Case No. 1:17CV1091, the Court determined that Semersky's failure to pay the contributions due the Funds constituted breach of fiduciary duty as a matter of law. So, Plaintiff-assignee is entitled to judgment in the amount of $89,614.25 against Defendant Semersky for the unpaid contributions to Local Union No. 5's Funds under the doctrine of res judicata, and for unpaid contributions to the other Union Funds in the amount of $31,654.44 under the issue preclusion/collateral estoppel doctrine.

In its Memorandum in Support of Summary Judgment, Plaintiff states: "Please note that the amount of the judgment sought against Mr. Semersky personally is subsumed in the

amount of the judgment sought against all Defendants and is simply based on a separate cause of action." (ECF DKT #14 at 8, fn.3).

## II. LAW AND ANALYSIS

**Standard of Review**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir.

1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Unopposed motions**

The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D.Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D.Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir.2000)). A party's "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.* Any further review by this Court would be an inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.1984), aff'd, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

**Contract and Indemnity**

To establish a breach of contract claim in Ohio, the plaintiff must prove "the existence of a contract, performance by the plaintiff, breach by the defendant and damage or loss to the

plaintiff." *Savedoff v. Access Group*, 524 F.3d 754, 762 (6th Cir. 2008). A party breaches a contract if he fails to perform according to the terms of the contract or acts in a manner that is contrary to its provisions. *Id.; Jarupan v. Hanna*, 173 Ohio App.3d 284 (Ohio Ct.App. 2007).

The indemnity relationship is determined by the intent of the parties as expressed by the language used. *Cleveland Window Glass & Door Co. v. Nat'l Surety Co.*,118 Ohio St. 414 (1928). All words used must be interpreted in their ordinary sense. *Glaspell v. Ohio Edison Co.*, 29 Ohio St.3d 44 (1987).

**Res judicata and collateral estoppel**

In Ohio, res judicata is established when there is a prior, final, valid decision on the merits by a court of competent jurisdiction and a subsequent action involving the same parties or their privies, raising claims that were or could have been litigated and arising out of the same transaction or occurrence. *Clark v. Lender Processing Services, Inc.*, 949 F.Supp.2d 763, 773 (N.D.Ohio 2013).

Collateral estoppel or issue preclusion applies when the party against whom estoppel is sought was a party or in privity with a party to a prior action, where there was a final judgment on the merits after full and fair opportunity to litigate, and the issue to be determined is identical to the issue involved in the prior suit. *Smith v. Encore Credit Corp.*, 623 F.Supp.2d 910, 917 (N.D. Ohio 2008).

In the within matter, Defendants do not dispute that performance and payment bonds were issued by Plaintiff in favor of VIP Restoration. Defendants do not dispute the validity of the Bonds.

Defendants executed the Agreement of Indemnity on February 16, 2010, by which

they became obligated jointly and severally to indemnify Plaintiff for all losses, costs and expenses relating to the Bonds. (ECF DKT #1-2). Defendants raise no contention that the language of the contract is unclear, ambiguous or unenforceable in any way. Plaintiff's representative provides his Affidavit (ECF DKT #14-3), which constitutes a sworn itemization of the facts and amount of Defendants' liability for payments on Bond claims. Plaintiff's payment on the claims totals $303,433.25.

In opposition, Defendant Semersky offers his own Declaration. (ECF DKT #16, Exhibit A). Semersky challenges only the compromised payment on the Lorain Community College Project in the amount of $152,500.00. He insists that the allegations in the Lorain lawsuit were contested at all times. Furthermore, once VIP Restoration was put into court-ordered receivership, Semersky was informed that the lawsuit was stayed and a scheduled mediation was canceled. Semersky swears: "At no time subsequent thereto, was I advised of any possible negotiations regarding settling the Lorain Suit, not advised of any investigation of CIC [Cincinnati Insurance Company] before paying out such claims and I did not authorize or concur with any such payment." (*Id*. at ¶ 5).

Plaintiff asserts that Defendant Semersky is liable for the Local Union No.5 payment pursuant to the doctrine of res judicata. In the prior litigation, the Court decided that Defendant Semersky's nonpayment of the Bricklayers and Masons Funds contributions constituted a breach of fiduciary duty and that Semersky was jointly and severally liable with VIP Restoration to reimburse the Union Funds' losses resulting from such breach, pursuant to Section 409 (a) of ERISA. Both the prior lawsuit and this case involve the same parties or their privies. Semersky is a named Defendant in both and Plaintiff Surety is in privity with

Local Union No. 5 by virtue of an assignment of rights. The same claims are raised in both actions. Plaintiff paid $89,614.25 of Local Union No. 5's claim and the Local obtained a judgment for the remainder owed.

Plaintiff also paid claims to other pension/fringe benefit funds in the amount of $31,654.44. The Order in the previous case resolved the issues necessary to determine Defendant Semersky's liability for breach of fiduciary duty with respect to these other unpaid contributions. Semersky was found to be a fiduciary on behalf of VIP Restoration and there is no dispute that Plaintiff paid the amounts owed pursuant to the terms of the Fringe Benefits and/or Wage and Welfare bonds.

For his part, Defendant Semersky does not contest that he is the corporate representative and decision-maker for the VIP entities. He offers no contrary law nor opposing argument with regard to his liability arising from the application of res judicata and collateral estoppel/issue preclusion. His failure to respond may be deemed a confession to the motion's merit. *Cacevic,* 226 F.3d at 492.

Upon consideration of the parties' evidence, the Court concludes that aside from the Lorain County Community College payment, there are no material facts in dispute with respect to Defendants' obligation to indemnify and hold Plaintiff harmless in accordance with the Agreement of Indemnity. Defendants do not dispute that the relevant Bonds are valid; that the parties executed the Agreement of Indemnity which obligated Defendants to indemnify Plaintiff for all losses, costs or expenses incurred on the Bonds; that Defendants were obligated on certain construction projects and to certain Union fringe benefit and pension funds; that Plaintiff suffered damages when it paid under the Bond obligations; and

that Plaintiff is contractually entitled to reimbursement for losses and expenses it incurred as a result.

The only dispute is created by the opposing evidence regarding the payment on the settlement with Lorain County Community College in the amount of $152,500.00. Consequently, there is also a genuine issue as to the portion of the $22,160.28 in costs, expenses and attorney fees Plaintiff incurred which is attributable to the Lorain compromise payment.

### III. CONCLUSION

For these reasons, the Court grants the Motion (ECF DKT #14) of Plaintiff Cincinnati Insurance Company for Summary Judgment in part only. Plaintiff is granted judgment in the amount of $156,933.25 (i.e., $303,433.25 less $152,500.00) against all Defendants jointly and severally. Plaintiff is granted judgment against Defendant Richard J. Semersky, Jr., individually, in the amount of $121,268.69 for Breach of Fiduciary Duty under Counts I and II of the Complaint, but that judgment is subsumed in the judgment against all Defendants per Plaintiff's representation. (ECF DKT #14 at 8, fn.3). Finally, summary judgment on Plaintiff's costs, expenses and attorney fees is denied at this time.

**IT IS SO ORDERED.**

            **s/ Christopher A. Boyko**
            **CHRISTOPHER A. BOYKO**
            **United States District Judge**

Dated: November 30, 2018